UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street N.W.<br>Washington, D.C. 20037<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210<br><br>and<br><br>MINE SAFETY AND HEALTH<br>ADMINISTRATION<br>201 12th St S<br>Suite 401<br>Arlington, VA 22202-5450<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. ____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. Squire Patton Boggs (US) LLP ("Squire Patton Boggs" or "Plaintiff") brings this action against Defendants U.S. Department of Labor ("DOL") and Mine Safety and Health Administration ("MSHA") (collectively "Defendants"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. By this action, Squire Patton Boggs (the "Requestor") seeks declaratory relief that Defendants are in violation of FOIA for failing to produce documents in response to the Request for Information from Plaintiff dated August 24, 2023 (the "FOIA Request") attached hereto as

**Exhibit 1**. Squire Patton Boggs also seeks injunctive relief ordering Defendants to produce all documents responsive to the FOIA Request in its entirety. In addition, Squire Patton Boggs seeks attorneys' fees and costs pursuant to 5 U.S.C § 552(a)(4)(E).

## PARTIES

3.  Plaintiff Squire Patton Boggs (US) LLP is an Ohio Limited Liability Partnership with its principal place of business in Ohio, and with many other offices, including an office in the District of Columbia.

4.  Defendant United States Department of Labor ("DOL") is a department within the Executive Branch of the United States government. DOL's headquarters are located at 200 Constitution Avenue, N.W. in Washington, D.C. DOL is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). DOL has possession, custody, or control of the records that Plaintiff seeks under FOIA.

5.  Defendant MSHA is an agency within the United States Department of Labor. MSHA's headquarters are located at 201 12th St S in Arlington, Virginia. MSHA is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). MSHA has possession, custody, or control of the records that Plaintiff seeks under FOIA.

6.  Plaintiff has standing because it submitted the FOIA Request, a proper request for records under the Freedom of Information Act, 5 U.S.C. § 552, and Defendants have not provided any records or provided a determination regarding the FOIA Request within the mandatory deadline, or since, to the date of filing of this Complaint.

## JURISDICTION AND VENUE

7.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 1361.

8.      Venue is appropriate in the District Court for the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## LEGAL BACKGROUND

9.      "FOIA requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempted under 5 U.S.C. § 552(b). *Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

10.     Under FOIA, any person may request and obtain these records from MSHA. Specifically, FOIA requires that, upon proper request for disclosure of records, an agency "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

11.     Within twenty working days after receipt of a request for records, FOIA requires the agency to respond to the requester by notifying the requester of, among other things, (1) whether the agency will comply with the request and (2) of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 522(a)(6)(A)(i). The statute permits brief extensions of this time limit in unusual circumstances. *See* 5 U.S.C. § 552(a)(6)(B).

12.     FOIA requires Defendants to have responded to Plaintiff's FOIA Request within 20 days after receipt. Specifically, an agency must determine within 20 days after receipt of a FOIA request whether to comply with the request and to notify immediately the person making the request of the agency's determination and its reasons. 5 U.S.C. § 552(a)(6)(A)(i). The statute permits brief extensions of this time limit in unusual circumstances. See 5 U.S.C. § 552(a)(6)(B).

13.     Although Plaintiff submitted the FOIA Request to Defendants over one year ago, MSHA has not provided Plaintiff with any of the requested documents, has failed to meet its

proposed timelines, and has ultimately stopped responding to Plaintiff. Defendants thus have violated their statutory duty to disclose their records under FOIA.

14. The agency's response may not "simply decide to later decide." Its response must provide particularized assurance "of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("*CREW*").

15. Under FOIA, an agency must then locate and "promptly" make available the requested records, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i), unless it can establish that it may lawfully withhold records, or portions of records, under narrowly defined FOIA exemptions in § 552(b).

16. When an agency fails to make a timely determination with respect to a perfected FOIA request, a requester has exhausted administrative remedies with respect to the request. 5 U.S.C. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 184.

## FACTUAL BACKGROUND

17. By request dated August 24, 2023, Plaintiff sought from Defendants, *inter alia*, the following:

> All records related in whole or in part to the Mine Safety and Health Administration's "Heat Ignition Hazard – Safety Alert," which was posted on or about May 17, 2023, and is available at https://www.msha.gov/heat-ignition-hazard-safety-alert.
> - o This request includes, but is not limited to, all documents related in any way to any research, events, reports, test results, incidents, or other factors involved in the Mine Safety and Health Administration's development of and/or its decision to release the "Heat Ignition Hazard – Safety Alert," which was posted on or

  about May 17, 2023, and is available at https://www.msha.gov/heat-ignition-hazard-safety-alert.

- o This request further includes, but is not limited to, all documents—including without limitation all internal or external communications of the Mine Safety and Health Administration—related in any way to the Mine Safety and Health Administration's development of and/or its decision to release the "Heat Ignition Hazard – Safety Alert," which was posted on or about May 17, 2023, and is available at https://www.msha.gov/heat-ignition-hazard-safety-alert.

- o This request, further includes, but is not limited to, all documents related to the sample image included in the Mine Safety and Health Administration's "Heat Ignition Hazard – Safety Alert," which was posted on or about May 17, 2023, and is available at https://www.msha.gov/heat-ignition-hazard-safety-alert with said image containing the caption "*Improper application of a polyurethane-based foam production filling a high-volume void,*" including all documents related in whole or in part to the Mine Safety and Health Administration's decision to include the image in the Safety Alert.

- All records related in whole or in part to the potential combustibility, flammability, or ignition hazard presented by polyurethane foam.
    - o This request includes, but is not limited to, all documents related to the potential combustibility, flammability, or ignition hazard presented by the use of polyurethane foam in mine roofs or in cavities or voids within a mine.
    - o This request further includes, but is not limited to, all documents related to the potential combustibility, flammability, or ignition hazard presented by polyurethane foam due to exothermic chemical reactions generated by polyurethane foam.
    - o This request further includes, but is not limited to, any documents related in whole or in part to any test results, reports, or other internal or external data pertaining to the potential combustibility, flammability, or ignition hazard presented by polyurethane foam.
    - o This request further includes, but is not limited to, all internal or external communications of the Mine Safety and Health Administration related in any way

    to the potential combustibility, flammability, or ignition hazard presented by polyurethane foam product.

A copy of this FOIA Request is attached hereto as **Exhibit 1** and is incorporated as if fully set forth herein.

  18. By letter dated September 22, 2023, MSHA acknowledged receipt of the FOIA Request, assigning Tracking No. 2023-F-13135 to that request, and stating: "Due to the unusual circumstances surrounding the records you are seeking, the statutory time limits for processing your request cannot be met. There is a need to consult with another agency or two more agency components and a need to search for and collect records from separate offices. Based on these unusual circumstances, we estimate that you will receive a response within 60 working days of the date of this letter." A copy of this letter is attached hereto as **Exhibit 2** and is incorporated as if fully set forth herein.

  19. Plaintiff did not receive any response within the 60 working-day period and did not hear from Defendants regarding a need for any additional time. Plaintiff followed up via email on January 2, 2024, requesting an update on the status of the response. A copy of this correspondence is attached hereto as **Exhibit 3** and is incorporated as if fully set forth herein.

  20. On January 3, 2024, Defendant MSHA responded and said it "anticipate[d] finalizing the response and completing the clearance process" for the FOIA Request by February 29, 2024. A copy of this correspondence is attached hereto as **Exhibit 4** and is incorporated as if fully set forth herein.

  21. February 29, 2024, came and went with no response from Defendants. Plaintiff followed up again via email on March 13, 2024, inquiring about the timing of Defendants'

response. A copy of this correspondence is attached hereto as **Exhibit 5** and is incorporated as if fully set forth herein.

22. On March 14, 2024, MSHA replied and requested a time to speak via telephone about the FOIA Request. A copy of this correspondence is attached hereto as **Exhibit 6** and is incorporated as if fully set forth herein.

23. On March 15, 2024, Plaintiff discussed the FOIA Request with MSHA by telephone. Plaintiff agreed to allow MSHA to produce responsive documents on a rolling basis to speed up the process.

24. On March 21, 2024, Plaintiff followed up via email, inquiring about the timing of MSHA's response. A copy of this correspondence is attached hereto as **Exhibit 7** and is incorporated as if fully set forth herein.

25. MSHA did not respond to the March 21, 2024 email. On March 28, 2024, Plaintiff emailed MSHA again to inquire about the timing of MSHA's response to the FOIA Request. A copy of this correspondence is attached hereto as **Exhibit 8** and is incorporated as if fully set forth herein. This time, MSHA responded and said it was "checking on the status of [the] request" and would "get back with [Plaintiff] by [the following day] with an anticipated completion date." A copy of this correspondence is attached hereto as **Exhibit 9** and is incorporated as if fully set forth herein.

26. MSHA did not follow up the following day but emailed Plaintiff on April 1, 2024, explaining that they did not have any follow up information due to an "unexpected absence," but promised to provide an update as soon as possible. A copy of this correspondence is attached hereto as **Exhibit 10** and is incorporated as if fully set forth herein.

27. On April 16, 2024, Plaintiff emailed MSHA again to inquire about the timing of MSHA's response to the FOIA Request. A copy of this correspondence is attached hereto as **Exhibit 11** and is incorporated as if fully set forth herein.

28. On April 22, 2024, MSHA indicated that they had recently received "potential responsive documents" and was "in the process of reviewing the documents for responsiveness and application of the appropriate FOIA exemption…[o]nce that is done, we will need to go through our internal review and clearance process. I anticipate this will take until May 31, 2024, for completion." A copy of this correspondence is attached hereto as **Exhibit 12** and is incorporated as if fully set forth herein.

29. On May 3, 2024, Plaintiff responded to MSHA, summarizing its correspondence since September 22, 2023. MSHA did not respond to this email. Plaintiff explained that MSHA was in violation of FOIA and that it would seek to enforce its FOIA rights in federal court if MSHA did not respond to the FOIA request by May 31, 2024.  A copy of this correspondence is attached hereto as **Exhibit 13** and is incorporated as if fully set forth herein.

30. On June 7, 2024, having received no documents or further correspondence from Defendants, Plaintiff followed up and asked if MSHA planned to produce any documents in response to the FOIA Request. MSHA did not and has not responded to Plaintiff's June 7, 2024 email. A copy of this correspondence is attached hereto as **Exhibit 14** and is incorporated as if fully set forth herein.

31. As of September 27, 2024—over twelve months after Plaintiff submitted the FOIA Request and over three months after MSHA last promised a response—MSHA has not produced a single responsive document and has stopped responding to Plaintiff's communications.

32. Defendants have failed in their obligation to gather and review all records requested by Plaintiff, determine and communicate the scope of the documents they intend to produce or withhold, and inform Plaintiff that it can appeal any portions of the determination that are adverse.

33. Defendants have not informed Plaintiff whether any responsive records exist, provided an estimate of the volume of responsive records, indicated whether any FOIA exemptions might apply, or whether Defendants will supply any records at all to Plaintiff. Defendants have not given Plaintiff a date by which responsive records will be produced, not even an estimated date.

34. By failing to provide a determination under § 552(a)(6)(A)(i) or produce the requested records, Defendants have waived any ability to now seek any search fees. § 552(a)(4)(A)(viii)(I).

35. Because Defendants have failed, before the filing of this complaint, to make the required determinations or to provide Plaintiff with the requested records, Plaintiff has exhausted its administrative remedies with respect to the FOIA Request. *See* 5 U.S.C. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 184.

## PLAINTIFF'S CLAIM FOR RELIEF

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set forth in full herein.

37. Plaintiff properly requested that Defendants produce to Plaintiff the documents in the FOIA Request, which are Defendants' records subject to production under FOIA.

38. FOIA requires that, upon proper request for disclosure of records, an agency "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). FOIA

9

further requires that an agency shall determine within 20 days after the receipt of any such request whether to comply and shall immediately notify the person making such request of such determination and the agency's underlying reasons.  5 U.S.C. § 552(a)(6)(A)(i).

39. Defendants have failed timely to produce the requested documents to Plaintiff in violation of 5 U.S.C. § 552(a)(3)(A) and § 552(a)(6)(A)(i).

40. Plaintiff has exhausted its administrative remedies and are entitled to seek immediate judicial intervention.  5 U.S.C. § 552(a)(6)(C).

41. Defendants possess and have control of, or have a right to obtain, the documents requested in the FOIA Request.

42. The requested records are not exempt from disclosure under any paragraph of 5 U.S.C. § 552(b), and Defendants have asserted no such exemptions.

43. Plaintiff has a statutory right to receive a determination from Defendants as to its FOIA Request within the time frame required by FOIA and to promptly receive any responsive records.

44. Defendants have violated FOIA by failing to make the required determinations in response to Plaintiff's outstanding FOIA Request and failing to produce any records.

45. Plaintiff is harmed by Defendants' violation of FOIA and Defendants' unlawful withholding of records to which Plaintiff is entitled. Plaintiff will continue to be harmed unless Defendants are compelled to comply with the statute and produce the requested records forthwith.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and for the following relief:

      a.      A declaration pursuant to 28 U.S.C. § 2201 declaring that Defendants' failure to produce documents responsive to the FOIA Request violates 5 U.S.C. § 552(a).

      b.      An order enjoining Defendants to: (1) respond to the FOIA Request; and (2) release immediately all records responsive to the FOIA Request.

      c.      An order awarding Plaintiff its costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E).

      d.      Such other and further relief as this Court deems just and proper.

Respectfully submitted this 27th day of September, 2024.

By:  */s/ Benjamin Wood*
Benjamin D. Wood (Bar #478799)
SQUIRE PATTON BOGGS (US) LLP
2550 M St N.W.
Washington, D.C. 20037
Tel.: (202) 457-6000
Dir.: (202) 457-6685
benjamin.wood@squirepb.com

*Counsel for Plaintiff*